**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **REGINA FREEMAN,** | ) | **CASE NO. 1:18 CV 471** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **DIVISION OF CHILDREN** | ) | **AND ORDER** |
| **AND FAMILY SERVICES,** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Regina Freeman filed this action against the Division of Children and Family Services, and the Cleveland Fourth District Police Department. The Complaint (Doc. # 1) is very brief. In its entirety, it states:

> I Regina Freeman, a mother, grandmother of 6 grand girls one died on the 5th am a pastor ordained Christian Minister. On the 6th police [unintelligible] Children Services came to my home and taken my 6 grand girls from my home, which they was with me a day after my daughter given them to me since the 5 month [unintelligible] died, they didn't have any reason to take them from me like they done, and placed them in foster care. We go before the courts March 12th.

(Doc #1 at 1). Plaintiff does not assert any legal causes of action in her Complaint. On her Civil Cover Sheet, she lists under cause of action, "4, 14 Constitution Amendment Deprive my grand girls and myself of due rights taken them." (Doc. # 1-1 at 1). She does not specify the relief she seeks.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are

true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**ANALYSIS**

It is not clear from the pleading whether Plaintiff is a party to the Juvenile Court. To the extent she was named as an interested party, and the matter is still pending in juvenile court, this Court must abstain from hearing this case. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention appear to be present here. Plaintiff indicates there is a pending action in state court and child custody matters are of paramount state interest. The

third requirement of *Younger* is that Plaintiff must have an opportunity to assert her federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of her claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present her federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state juvenile court action.

Furthermore, to the extent *Younger* does not apply here or require this Court to abstain, Plaintiff fails to state a claim upon which relief may be granted. She indicates on her civil cover sheet that her Fourth and Fourteenth Amendment rights were violated. There is no explanation of either of these claims in her Complaint. They are stated solely as legal conclusions. Legal conclusions alone and not sufficient to state a claim upon which relief may be granted. *Papasan*, 478 U.S. at 286.

### IV. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #2) is granted. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

*[signature]*

**DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.